[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ARBITRATION AWARD
Nikola E. Nikola ("Nikola") was a Bridgeport Police officer who passed a competitive, promotional examination for the position of sergeant. His name was placed on the promotional list, but thereafter removed because the City of Bridgeport ("city") claimed that he was not a bona fide resident. Nikola appealed to the Civil Service Commission ("Commission") which upheld the City of Bridgeport's position. Thereafter, Nikola filed a grievance which resulted in an arbitration proceeding pursuant to the contract between the Bridgeport Police Union ("union") and the city.
The city proposed the following submission:
 Was police officer Nikola Nikola properly removed from the promotion list number 86-67 for failure to comply with article 17, Residency, of the 1958-88 Collective Bargaining Agreement between the City and the Police Union Local 1159, AFSCME, AFL-CIO?
If so, what should the remedy be? [Appendix two, Union memorandum.]
The defendant Union proposed the following submission to the arbitrators:
 Did the city have just cause to remove Detective Nikola E. Nikola from the sergeant's promotional eligibility list?
 If not, what shall the remedy be? [Appendix three, Police Union memorandum.]
As the parties did not agree to the statement of the issue, the arbitration panel, pursuant to rule, framed the issue as follows: CT Page 1778
 Did the City have just cause to remove Detective Nikola E. Nikola's name from the sergeant's promotional eligibility list?
If not, what shall the remedy be?
The city claimed that the matter was not arbitrable because Connecticut General Statutes 7-474(g) gives the municipality exclusive authority to conduct examinations, rate candidates and establish lists for promotion. The union countered that the matter was arbitrable because the city used a contractual provision to deny Nikola the opportunity for promotion.
The arbitrators found that the matter was indeed arbitrable as the city's claim that Nikola was not a bona fide resident arose out of the contract of employment between the city and the union. The contract imposed a residency requirement for employment as a Bridgeport Police officer and, in addition, provided for a grievance procedure to be followed for any claimed violations or breaches of the contract.
The arbitrators heard evidence and made the following award:
 The City did not have just cause to remove Detective Nikola E. Nikola's name from the Sergeant's Promotional Eligibility List. City is directed to immediately promote Grievant to the rank of Sergeant. City is directed to pay Grievant retroactively from the date his promotion should have occurred to the date of promotion after receipt of this Award. City is further directed to restore all rights and benefits due Grievant as a result of improperly denying him promotion.
The court notes in passing that there was a dissenting opinion by one of the members of the arbitration panel who concluded that Nikola was not a bona fide city resident.
The City moved in Superior Court to vacate the arbitration award on the following grounds:
1. The arbitration panel exceeded its power by making an award in violation of Connecticut General Statutes 7-474(g) which gives the Civil Service Commission of the city exclusive province over promotions.
2. The panel failed to follow the law of the State of Connecticut regarding bona fide residency. CT Page 1779
3. The arbitration panel exceeded its powers because it lacked jurisdiction to promote the grievant or order him promoted.
I. ARBITRABILITY ISSUE
The city claims that the arbitration award is void because it violates Connecticut General Statutes 7-474(g) and the public policy the statute embodies. That statute provides, in relevant part:
 Nothing herein shall diminish the authority and power of any municipal civil service commission, personnel board, personnel agency or its agents established by statute, charter, or special act to conduct and grade merit examinations and to rate candidates in the order of their relative excellence from which appointments or promotions may be made to positions in the competitive division of the classified service of the municipal employer served by such civil service commission or personnel board. The conduct and the grading of merit examinations, the rating of candidates and the establishment of lists from such examinations and initial appointments from such lists and any provision of any municipal charter concerning political activity of municipal employees shall not be subject to collateral bargaining, provided once the procedures for the promotional process have been established by the municipality, any changes to the process proposed by the municipality concerning the following issues shall be subject to collective bargaining: (1) The necessary qualifications for taking a promotional examination; (2) The relative weight to be attached to each method of examination; (3) the use and determination of monitors for written, oral and performance examinations. In no event shall the content of any promotional examination be subject to collective bargaining.
In D'Agostino v. New Britain, 7 Conn. App. 105 (1986), three New Britain firefighters sought a writ of mandamus to compel the city to promote them to the rank of lieutenant. The city moved to dismiss the cases on the ground that the plaintiffs had not exhausted their administrative remedies under the collective bargaining agreement. The Appellate Court upheld CT Page 1780 the trial court's denial of those motions stating, at p. 110:
 Since 7-474(g) expressly precludes the dispute here [promotional appointment] from being governed by collective bargaining, the grievance procedure cannot apply. Consequently, the trial court was correct in denying the defendants' motions to dismiss the complaints against them.
This case makes it clear that matters covered under the statute cannot be included in the collective bargaining agreement, and any person aggrieved by the municipality's actions in any one of those areas has a right to go to court without resorting to any administrative remedies.
The arbitration award in this case must be examined, first, as to its finding that the city did not have just cause to remove the grievant's name from the list and, second, as to the remedies ordered to ascertain if the above statute was violated.
Nothing in Connecticut General Statutes 7-474(g) prohibits collective bargaining agreements with respect to the residency of municipal employees, such as police officers. The Collective Bargaining Agreement (CBA) has no provisions regarding any of the prohibited matters under Connecticut General Statutes 7-474(g).
There is nothing in the statute with respect to removal of names from a list of parties eligible for promotion where the removal is based on a CBA promotion. The statute does authorize the municipality to have exclusive control over "the establishment of lists from such examinations and the initial appointments from such lists. . . ." (Emphasis added.)
Webster's Third New International Dictionary defines "establish" as follows: ". . . to bring into existence, create, make, start, originate, found, or build usu. as permanent or with permanence in view." The city had completed establishment of the list from the examinations and had, indeed, placed the grievant's name upon that list. Removal for a claimed contract violation is not covered by the statute. To so hold would render the grievance procedure in the contract meaningless whenever a promotional opportunity is denied for a claimed CBA violation. On the one hand, the city claims that it had the right to unilaterally strike the grievant's name from the promotional list because of a violation of the Collective Bargaining Agreement with respect to residency. On the other hand, the city claims that its decision to use a claimed contract violation to strike grievant's name from the list is CT Page 1781 insulated from review under the arbitration provisions of that very same contract.
Residency was expressly provided for in the Collective Bargaining Agreement as a condition of continued employment. It was clearly required as a condition of eligibility to take the promotional examination, and any dispute with reference to residency was clearly grievable under the contract. Article 7 states: ". . . any matter or condition arising out of the employee/employer relationship . . ." is grievable.
The arbitrators' finding that the city did not have just cause to remove grievant's name from the list was clearly within their power under the grievance provisions of the contract and not prohibited by Connecticut General Statutes 7-474(g).
 II. THE PANEL WAS NOT REQUIRED TO FOLLOW THE LAW OF CONNECTICUT REGARDING BONA FIDE RESIDENCY
The city claims that the arbitration panel's decision that Nikola was, indeed, a resident of the City of Bridgeport was contrary to the established law of the state and asks that the award be vacated on that ground.
The submission was unrestricted as it did not contain limiting or conditional language. The city is bound by the arbitrator's decision on the legal question of residency even if, indeed, it was erroneous under Connecticut law. The rationale for this principle is made clear in Trumbull v. Trumbull Police Local 1745, 1 Conn. App. 207 at 211, 212 (1984):
 Courts favor arbitration as a means of settling differences and expediting the resolution of disputes. . . . [Citations omitted.] The autonomous nature of the arbitration process must be respected by the courts. Arbitration is a remedy which is bargained for by the parties, and they are free to negotiate with respect to the procedures to be employed. [Citations omitted.] Where the parties contractually agree to a procedure and have delineated the authority of the arbitrators, they must adhere to, and are bound by, the limits which they have set.
As an unrestricted submission, the arbitrators are not required to decide the issues presented to them according to law. "[T]he award is . . . final and binding and cannot be reviewed for errors of law or fact." Milford Employees Assn. v. Milford,179 Conn. 678, 683 (1980). CT Page 1782
The unrestricted submission authorized the arbitrators to decide the question of residency. The award did just that, and the city cannot now get a second bite at the apple.
III. REMEDY
Respondent city argues that the promotional list upon which the grievant's name appeared expired on or about December 26, 1986; therefore, the arbitrators had no power to order his promotion as part of the remedy. The city does not challenge any other remedy ordered in the award.
Claimant union argues that the arbitrators had the power to promote Nikola as part of a "make whole" remedy.
The Civil Service provisions of the charter of the City of Bridgeport provide, in pertinent part, as follows:
 Section 9, pages (8) and (9) . . . the commission shall cancel such portion of any list as has been in force for more than two years. . . .
The court agrees with the city's position for two reasons. First, the Connecticut Supreme Court has made it clear that even the courts are powerless to order appointments from an eligibility list which has expired.
In the case of State ex rel Chernesky v. Civil Service Commission, 141 Conn. 465 (1954), plaintiffs were candidates for promotion to the rank of Fire Lieutenant in the City of Bridgeport. The court held that their failure to act while the eligibility list remained in force precluded any relief from the court. The court stated, at page 469, that although the public interest is served by appointments from those who have shown themselves to be qualified by examination, "it does not follow, however, that an individual acquires permanency of eligibility merely because he passed an examination. . . ." (Emphasis supplied.) The court went on to say, at pages 469, 470:
 One who could demonstrate his ability, say, in 1949, to perform the duties of an office higher than that he then held might, for a wide variety of reasons, be incompetent to do so a few years later. A limitation upon the time during which an eligibility list remains effective is in the public interest.
The judgment for the defendants on the plaintiff's mandamus action was upheld by the court as there was no list in effect CT Page 1783 from which the appointments could have been made.
Honis v. Cohen, 18 Conn. App. 80 (1989), reaffirms the principle that any attempt to challenge a promotion list after its expiration comes too late and leaves the court powerless to alter or effect the list.
The second reason the court agrees with the city's position is that the arbitrators had only the power to restore Nikola's name to the list from which it had been removed without just cause. This becomes apparent if one analyzes what the situation would have been if the list were still in effect with names ahead of Nikola's. The Union would surely not argue that prevailing on the grievance would have entitled Nikola to leap frog over others ahead of him to an actual promotion.
The union claims that filing the grievance before the list expired was sufficient action to, in essence, preserve the list for purposes of the remedy ordered. The union goes on to point out that the cases cited by the city all involve challenges initiated after the expiration of the list. This argument misses the mark as the Collective Bargaining Agreement and the grievance process did not (and could not) cover the promotion of officers. Connecticut General Statutes 7-474(g) discussed supra.
It was incumbent upon the union or Nikola to have taken some action in court before the list expired to preserve or extend it. This was especially so here as the grievance was filed on November 3, 1986 and the list expired December 26, 1986. It was highly unlikely that the matter would have been resolved before December 26th. The arbitrators, like the court, are powerless to order promotion from a nonexistent eligibility list. This portion of the remedy must be vacated as beyond the power of the arbitrators.
The award is confirmed in all respects except that portion of the remedy ordering the grievant promoted to the position of sergeant.
E. EUGENE SPEAR, JUDGE